IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GLORIA F. SANCHEZ; ARTEMISA RAMIREZ; YOLANDA RAMIREZ-LOPEZ; and MARCO A. RODRIGUEZ RAMIREZ, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:19-CV-2190-BH |
| DERRICK HOGAN and SHAWNEE EXPRESS, INC., | § § § | |
| Defendants. | § | Consent Case[1] |

## MEMORANDUM OPINION AND ORDER

Before the Court is the plaintiffs' *Motion for Substitute Service*, filed January 22, 2020 (doc. 12). Based on the relevant filings and applicable law, the motion is **GRANTED**.

### I. BACKGROUND

This lawsuit arises out of a motor vehicle collision that occurred on October 15, 2018, in Dallas County, Texas. (*See* doc. 2 at 11.) On August 2, 2019, the plaintiffs filed suit against the defendants, a trucking company and the truck driver involved in the collision (Defendant), in the 44th Judicial District Court of Dallas County, Texas, asserting claims for negligence and respondeat superior. (*Id.* at 12.) On September 13, 2019, the defendant trucking company removed the action to federal court on the basis of diversity jurisdiction. (*See* doc. 1.) Defendant was not served prior to removal of the action, and has still not been served.

The plaintiffs now seek an order for substituted service on Defendant by leaving the summons, a copy of the complaint, and a copy of the order with anyone 16 years or older, or by

---

[1] By order filed October 30, 2019, this matter has been transferred for the conduct of all further proceedings and the entry of judgment.

attaching the summons, complaint, and order to the front door of his residence, or by any other means appropriate. (*See* doc. 12.) The motion is supported by the affidavit of a private process server, which states that she has unsuccessfully tried to serve Defendant at his residence on four occasions between August and October 2019. (*Id.* at 3-4.) She spoke to his mother at his residence on one occasion, and the mother confirmed that Defendant lived at that residence, but he is a truck driver who is usually gone three to four months at a time, and he wasn't expected to be back until November 2019. (*Id.* at 4.)

## II. MOTION FOR SUBSTITUTED SERVICE

Plaintiffs have the burden to ensure that defendants are properly served with summons and a copy of the complaint. Fed. R. Civ. P. 4(c)(1). When the defendant is an individual, Fed. R. Civ. P. 4(e) allows service to be effected by delivering a copy of the summons and the complaint to the individual personally, leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, or delivering a copy of each to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e)(2).

Rule 4(e) also allows for service on an individual according to the law of the state in which the district court is located. Fed. R. Civ. P. (4)(e)(1). Texas law provides for service by delivering to the defendant in person, or by mailing to defendant by registered or certified mail, return receipt requested, a copy of the citation and a copy of the petition. Tex. R. Civ. P. 106(a). Upon motion supported by affidavit, the court may authorize service (1) by leaving a copy of the citation and a copy of the petition with someone sixteen years of age or older at the location provided in the affidavit, *or* (2) in any other manner the court finds will be reasonably effective

to give notice based on the affidavit and other evidence. *See* Tex. R. Civ. P. 106(b) (emphasis added). The supporting affidavit must state "the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found", and the specific facts showing that traditional service has been attempted but unsuccessful. *See* Tex. R. Civ. P. 106(b).

Multiple federal district courts in Texas have considered federal Rule 4(e) and Texas Rule 106(b) together in allowing substituted service by attaching the citation, petition or complaint, and order to the front door or gate of the location identified in the affidavit, recognizing that attachment alone is reasonably likely to give a defendant actual notice of the suit as required by Rule 106. *See Heras v. Rapid Tax, Inc.*, No. 5:13-CV-498-DAE, 2014 WL 2481629, at *3 (W.D. Tex. June 3, 2014); *see also Cont'l Cas. Co. v. Swink Ins. Servs., LLC*, No. 3:14-CV-3149-D, 2014 WL 4978665, at *2 (N.D. Tex. Oct. 6, 2014); *Evergreen Nat. Indem. Co. v. Herndon*, No. 3:07-CV-0184-B, 2007 WL 2827978, at *1 (N.D. Tex. Sept. 28, 2007). In *Heras*, the plaintiff attempted personal service multiple times at the defendant's home, so the court allowed service by leaving the proper documents with anyone 16 years of age or older at the defendant's home or by posting the summons, complaint, and order on the front door. 2014 WL 2481629, at *3. In *Continental Casualty Company*, the court authorized leaving a copy of the summons and complaint affixed to the front door of the defendant's residence, provided that the plaintiff first attempt to effect service on a person over the age of 16 at the home. 2014 WL 4978665, at *2. After establishing the defendant's residence and failed attempts to effect service, the court in *Evergreen National Indemnity Company* held that affixing the summons, complaint, and other papers to the front gate of the defendant's residence would be reasonably effective to

give the defendant notice. 2007 WL 2827978, at *1.

Here, the plaintiffs' affidavit by a private process server attests to four unsuccessful attempts to personally deliver the summons and complaint to Defendant at 1208 North McQueen Street, Carbondale, Illinois 62901. (doc. 12 at 4.) The affidavit also states that the process server was once able to speak to Defendant's mother, who confirmed that he lived there but traveled for three to four months at a time. (*Id*.)

Based on the affidavit and attached evidence, an alternative method of service is appropriate under Tex. R. Civ. P. 106(b). Because of Defendant's work schedule, the plaintiffs must first attempt to effect service on a person over the age of 16 at the home. *Cont'l Cas. Co.*, 2014 WL 4978665, at *2. If their attempts are unsuccessful, then attaching the summons, complaint, and a copy of this order to the residence would be reasonably effective to give Defendant notice of suit, given that the efforts to effect service under the rules have been unsuccessful. *See* Tex. R. Civ. P. 106(b); *see also Heras*, 2014 WL 2481629, at *3; *Cont'l Cas. Co.*, 2014 WL 4978665, at *2; *Evergreen Nat. Indem. Co.*, 2007 WL 2827978, at *1.

### III. CONCLUSION

Plaintiff's motion for substituted service is **GRANTED**, and service of summons may be made on defendant Derrick Hogan at 1208 North McQueen Street, Carbondale, Illinois 62901, by attaching the summons, a copy of the complaint, and a copy of this order, to the front door or the security gate at the residence, after first attempting to effect service on a person over the age of 16 at the home. The plaintiffs must serve Defendant within 30 days of the date of this order.

**SO ORDERED** on this 29th day of January, 2020.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE